CASE 103—PETITION EQUITY—FEBRUARY 15.

# McChord v. Caldwell's Executor.

APPEAL FROM BOYLE CIRCUIT COURT.

1. IN CONSTRUING A WILL EFFECT SHOULD, IF POSSIBLE, BE GIVEN EVERY PROVISION. Therefore where a testator by the first clause of his will gave his entire estate, real, personal and mixed, to his widow for life, devises and bequests made by subsequent clauses of the will, although not referring to the devise to the widow, must be regarded as made subject to her life estate, and legatees were, therefore, entitled to interest on their legacies only from the date of the widow's death.

2. LIMITATION.—The plaintiff having received his legacy, with interest from the death of the widow, more than ten years before the institution of this action, his right to claim interest for a greater length of time upon the ground that he was so entitled under the will and was induced by the fraud of the executor to accept interest for the shorter time, is barred by limitation, as plaintiff has not been under any disability, and there was no express continuing trust.

2. SEALED PAPER MADE PART OF WILL—ONE HAVING REMOTE AND UNCERTAIN INTEREST UNDER WILL HAS NO RIGHT TO COMPLAIN OF EXECUTOR'S SETTLEMENTS.—The testator having provided that, in the event of the death of his grandson "without descendants and intestate," the estate devised to the grandson (which was the bulk of the estate) shall pass in accordance with the directions of a sealed paper left in the hands of trustees, which is to be opened and to take effect in the event named, the allegation of the plaintiff in this case that by the paper referred to the estate is to pass to him in the event designated, does not give him the right to complain of mismanagement.

McChord v. Caldwell's Executor.

of the estate or of the settlements of the executor, or authorize the invasion by the chancellor of the sacred trust confided to the trustees and embraced in that sealed paper, the interest of plaintiff being too remote and uncertain in the absence of any allegation that the grandson is dead, or that he is without descendants or intestate, Nor is plaintiff entitled to any relief by reason of his further allegation that the executor, in taking from him a receipt for a legacy under the will, fraudulently inserted a clause reciting that this payment was in full of all claims under the will, as this must be regarded as referring to the legacy alone, and if not, the concession by counsel for defendants in their brief in this case that it was intended to have no other meaning will be binding on defendants in any future litigation.

JOHN W. LEWIS FOR APPELLANT.

1. In equity no trust can fail for want of a trustee, and when one named as trustee and executor qualifies as executor only, he becomes burdened with the trust, and responsible therefor as executor. (Tucker v. Grundy, &c., 83 Ky., 549; Craig v. Wilcox, Ex'r, 14 Ky. Law Rep., 908.)

2. If clauses in a will are repugnant and can not be reconciled, the later provisions must control. (Turner v. Guthrie's Ex'rs, 14 Ky. Law Rep., 336; Cameron and wife v. Boyd's Adm'r, &c., 4 Dana, 542.)

3. Appellant's right to the legacy of one thousand dollars vested immediately upon the probate of the will, and he is entitled to interest from that time. (Willett's Adm'r v. Rutter's Adm'r, 8 Ky. Law Rep , 304; 15 Ky. Law Rep., 55.)

    Appellee having wholly failed to settle the trusts accepted by him, is responsible to appellant for interest compounded at biennial rests. (Page v. Holman, 6 Ky Law Rep., 617; Citizens' Nat. Bank v. Jefferson, 11 Ky. Law Rep., 175; Chambers' Guardian v. Chambers, 9 Ky. Law Rep , 981.)

4. Appellee has never been discharged of the trust. (Grimes v. French, Assignee, 13 Ky. Law Rep., 398.)

5. The action is not barred by limitation. (Robinson's Committee v. Elam's Ex'r, 12 Ky. Law Rep., 271; Preston v. Grimes' Ex'r, 14 Ky. Law Rep., 810; Rogers' Ex'r v. Reid, Idem, 811.)

6. The receipt executed by appellant to appellee, in so far as it attempted to discharge appellee from all further liability, is void. The law looks with suspicion upon all such transactions where they are had immediately upon the cestui que trust's arrival at age. (Richardson, &c., v. Linney, 7 B. M., 573; 9 Am. & Eng. Enc. of Law, pp. 151, 152.)

EDWARD W. HINES ON SAME SIDE.

1. Where two clauses in a will are irreconcilable, the later provision must

control. (Howard v. Howard, 4 Bush, 497; 2 Jarman on Wills, 5 Am. ed , p. 44.)

Applying this rule, plaintiff became entitled at once, upon the death of the testator, to the income of the one thousand dollars bequeathed to him.

2. A release, executed to a guardian by his ward immediately after the ward arrives at age, is looked upon with suspicion by a court of equity, and the chancellor will require some evidence that no unfair advantage was taken of the ward. (Lee v. Fox, 6 Dana, 181; Richardson v. Linney, 7 B. M., 573.)

3. Plaintiff takes a contingent interest under the paper referred to in the eleventh clause of the will, and for that reason is entitled to have the receipt canceled.

The paper referred to became a part of the will. (In re Shillaber, 5 Am. St. Rep., 434; Tuttle, &c., v. Berryman, 15 Ky. Law Rep., 294 )

C. R. McDOWELL OF COUNSEL ON SAME SIDE.

R. P. JACOBS FOR APPELLEES.

1. The intention of the testator as to date from which the legacy is to begin to bear interest must prevail. (1 Duv , 117; 2 Duv., 168.)

2. The different provisions of a will should be so construed as to reconcile them, and to uphold, if possible, all the provisions. (Hunt v. Johnson, 10 B. M., 342.)

3. The terms of the receipt, under a proper construction, do not bar appellant's supposed rights under the secret paper. The receipt covers, and was intended to cover, only an acknowledgment of a reception of the pecuniary legacy, principal and interest, and the support and education provided for by the will.

4. If a disposition under a secret paper is valid upon the contingency provided for in the will upon which it is to be opened, one who claims to be the beneficiary of the secret paper has no right, until the contingency occurs, to ask the courts to involve other parties in the expenses of litigation upon rights purely speculative and which may ultimately prove without foundation.

5. Under the devise to the grandson, Jeremiah C. Caldwell, of an absolute fee-simple title in the estate given him, with unlimited power of disposition except to particular persons named and subject to approval of the trustees during a limited period, a devise over to any other person either by way of remainder or as an executory devise, is absolutely void. (Schouler on Wills, 2d ed., sec. 478; Lee v. Lee, 7 B. M., 606; 4 Kent's Comm , 271; Howard v. Carusi, 109 U. S., 730; Van Horn v. Campbell, 100 N. Y., 287; s. c., 53 Am. Rep., 166; 6 Lawson's Rights, Remedies, &c., sec. 2745 and notes; 20 Am. & Eng. Enc. of Law, p. 955; Stillwell v. Leavy, &c., 84 Ky., 384 )

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This cause arises on an appeal from the Boyle Circuit Court by Charles C. McChord from a judgment sustaining a demurrer to his petition, McChord claiming that interest should have been allowed him for a greater length of time than was calculated on the settlement by the executor of the estate of Charles Caldwell, deceased, on payment of a legacy of one thousand dollars given him by said testator. The material provisions of the will of Charles Caldwell in reference to this legacy are as follows:

First. I will and devise the whole of my estate, real, personal and mixed, to my beloved wife, Elizabeth Caldwell, to have and to hold during her natural life; *subject, however*, to the annual support and education of my grandchild, Jeremiah Clemmens Caldwell, and my two grand-nephews, William Caldwell McChord and Charles Caldwell McChord.   *   *   * I invest my wife with full and ample power to dispose of the personal estate, including slaves and debts due me, by deed, will or otherwise, as she may deem best.

Second. I devise to my grandchild, Jeremiah Clemmens Caldwell, all of my lands in this and other States. I request him that in any disposition he may make of said property herein devised to him, in case he has no descendants, by will, he will devise to Charles Caldwell McChord the lands, including my residence in Boyle county, lying west of the present site of the railroad, and including the Cowan and Brassfield places; but this is to be entirely discretionary with him.

Third. I bequeath to my two nephews, Charles Caldwell McChord and William Caldwell McChord, each one the sum of one thousand dollars.  *   *   *   *

Passing the fourth, fifth, sixth, seventh and eighth clauses of said will as not important in this connection, the ninth item reads as follows:

If any of my property be undisposed of by this, my will, I bequeath the same to my said grandchild, Jeremiah Clemmens Caldwell, and make him my residuary devisee and legatee, subject to the restriction above named.

This will was made and probated in 1864. Mrs. Caldwell, the widow of testator, died in the spring of 1878, and in December, 1879, the day after appellant Charles C. McChord became of age, the executor, W. L. Caldwell, paid to him this legacy of one thousand dollars and interest on same from the death of Mrs. Caldwell to that date, being ninety dollars and eighty-five cents, and took his receipt for same in full satisfaction and discharge of said estate and of said legacy.

By this suit filed in 1893, appellant questions the correctness of said interest, and says that, under the will of his uncle, this legacy of one thousand dollars should have borne interest, compounded every ten years, from, the death of said testator; that this receipt was procured by fraud, the executor taking advantage of his youth and inexperience, and telling him that the sum so paid him was all to which he was entitled under said will.

It may be observed that the several provisions of this will leave much to construction in determining what was the real intent and meaning of said testator, as

that by the first clause he gave the whole of his personal estate to his wife for and during her natural life, and authorizes her to dispose of same as she may see proper. And then by the third clause, and without any reference to the fact that he had so disposed of the whole of his personal estate for the life of his wife, he gives to appellant the sum of one thousand dollars, making no provision for its payment, nor naming any time when it should be payable.

The same necessity for construction occurs in reference to his realty. By the first clause, giving the whole of same to his wife for life, and by the second clause, and without any reference to the first clause, he gave all of his lands in this and in other States to his grandson, Jeremiah Clemmens Caldwell.

The courts hold it to be a primary rule of construction to give effect, if possible, to every clause in testamentary papers by reconciling, if possible, the one each with the others, and finally ascertaining the true meaning of the testator. In this case we think it manifest, in reference to the real estate, that the wife took a life estate in same under the first clause, and this being carved out of the estate in fee, there was nothing left for the grandchild to take in these lands except a remainder interest, thus harmonizing the two apparently contradictory clauses.

The same may be said of his personal estate. Testator could not give the whole of it to his wife, and at the same time give to appellant this legacy of one thousand dollars, and both to take effect immediately on his death, but he could give the whole of his personal estate to his wife for life, and then giving to

appellant one thousand dollars without fixing any time for its payment, that event, like the interest of his grandson in his lands, might be postponed until the termination of the life estate, and then become payable, and thus give the same effect to both these interests in the land and personalty, giving effect to each clause of the testator's will, and doing violence to neither.

This was the construction given to said clause in reference to this legacy by the executor, and in which appellant acquiesced for some thirteen years, after receiving the legacy and interest on that basis.   This view is also strengthened by the fact that testator had, in this same first clause of his will, made provision for the support and education of his nephew, the appellant, and had said in and by this first clause, wherein he gave the whole of his personal estate to his wife for life, *subject, however*, to the annual charges for support and maintenance and education of appellant, but not making this life estate chargeable with the payment of these two legacies of one thousand dollars each to his two nephews, so that we conclude that the payment of this one thousand dollar legacy was lawfully postponed until the termination of the life estate of Mrs. Caldwell, and that then it became due and payable, and taking precedence over the residuary legatee of all the estate of testator, viz.: his grandson, as fixed in the ninth clause of his will.

Appellant claims yet further interest in said estate under the eleventh clause of said will, which reads as follows :

"11th. In the event of the death of my grandchild,

Jeremiah Clemmens Caldwell, *without descendant and intestate*, the estate herein devised to him will pass in accordance with the directions of a paper which I have signed at the same time with the execution of this will, and sealed and left in the hands of my trustees. This paper is to be kept by said trustees or their successors, and if the event above named should happen, then to be opened by them. This paper is a part of my will to be opened, and to take effect if the said event should occur."

Appellant says "that he is informed, believes and alleges that the paper referred to in said devise, which he avers is a part of said testator's will, bequeaths to this plaintiff the whole of said estate devised to Jeremiah Clemmens Caldwell upon the occurrence of the event set out in said eleventh clause."

And thereupon appellant makes complaint of the management of the Caldwell estate, charges that same was a large and valuable estate; says the settlements made by the executor of the personalty were but partial and imperfect settlements; surcharges same; prays for a full disclosure of said estate, for reference to a master commissioner to settle same; and that his rights therein be protected. And all this appellant alleges and claims without in any way alleging the death of the grandchild, Jeremiah Clemmens Caldwell, nor that he is without descendants, nor that he is intestate. We think, on this branch of the case, that plaintiff's interest is too remote and uncertain; that it is subject to too many contingencies, to demand instantly the immediate interposition of the chancellor. Certainly on no greater

possibility of appellants ever becoming interested in said estate than his petition and the will of the testator now shows, we would be disinclined to invade the privacy—the sacred trust, whatever it may be—confided by testator to his trustees and embraced in that sealed paper. It will be quite sufficient, should these several contingencies ever arise, then to look into this matter.

On this line of appellant's claim, he also charges that although the receipt he gave W. L. Caldwell, the executor of Charles Caldwell, was intended only to be for the one thousand and ninety-one dollars and eighty-five cents paid him on said legacy, yet that said executor fraudulently, and for the purpose of excluding him from any possibility of any benefit in said estate by reason of this eleventh clause of testator's will, inserted in said receipt this clause: "And the payment of this sum ($1,091.85), together with the support and education which has been supplied and given to me in accordance with the provisions of said will, fully satisfied all claims I have under said will, and I hereby acquit the estate of said Caldwell and the executor of his will of any and all further claim or demand."

This receipt, taken altogether, we think refers solely to the payment of the legacy before mentioned, and not to the possibility of any interest that might accrue to appellant under the eleventh clause of the will before quoted.

At any rate, appellees so insist in their brief, and protest that it has no other meaning, and that it was not intended nor is it claimed that same is any bar to any other demand or interest in favor of appel-

lant than to the one thousand dollar legacy. By these concessions they will be bound in any future possible litigation that may arise, should the events ever happen that confer any possible interest on appellant, in and to any part of said estate; and the judgment of this court, in sustaining the judgment of the court below, whereby a demurrer was sustained to appellant's petition, is now based upon this concession and distinct understanding.

Had there been no other valid reason against appellant's claim on or by reason of the one thousand dollar legacy, yet the statute of limitations would have barred his recovery, more than ten years having elapsed after giving said receipt before the filing of his suit, during which time appellant was under no disability, the trustee never having insisted on or sought to shield himself behind the powers given him by the executor to look after and prevent the disposition of this fund by appellant until he was thirty years of age, as they had authority and power to do under another clause in said will. So that, as to this item, there was no continuing express trust to take it out of the statutes of limitation.

Judgment affirmed.